John Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

David G. Shy, Scott City, for appellant.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Defendant Andrew Tomlin, Jr., was jury-tried and convicted of stealing a motorcycle [§§ 560.150 and 560.161, RSMo 1969] and sentenced to five years imprisonment. Plain error resulting in manifest injustice occurred when the state introduced and argued to the jury evidence of defendant's silence to accusations made by an alleged accomplice while both were in custody. We reverse and remand.

Deputy Jones had been investigating the theft of two motorcycles and learned the defendant, together with others, had been at the house where the motorcycles were located a few nights before the bikes were stolen. He went to the defendant's home and found one of the stolen motorcycles in a garage. The defendant told the officer the

**STATE of Missouri, Respondent,**

v.

**Andrew TOMLIN, Jr., Appellant.**

**No. 10220.**

Missouri Court of Appeals, Springfield District.

Oct. 15, 1976.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 26, 1976.

bike belonged to Hutchison and accompanied the officer to locate Hutchison. Hutchison was taken into custody by the officer and admitted he had participated in the theft of the two machines. Initially, he did not implicate the defendant in the crime. Thereafter, while the defendant was in his house getting a key to one of the motorcycles, Hutchison told the officer that he and the defendant had stolen the motorcycles. When the defendant returned to the car he was placed under arrest by the officer and given the *Miranda* warnings. The officer then had Hutchison repeat his accusatory statement implicating the defendant.

At trial the prosecuting attorney elicited the fact of the defendant's silence in the face of Hutchison's accusation during his direct examination of Deputy Jones in the following manner:

"Q. Did Mr. Hutchison then go over his basic statement implicating Mr. Tomlin in Mr. Tomlin's presence?

.    .    .    .    .

Q. Was Mr. Tomlin present when Mr. Hutchison related this to you the second time?

A. Yes, sir.

Q. Did Mr. Tomlin admit or deny it?

A. Yes, Mr. Tomlin didn't have anything to say when I confronted him with it. He stayed there in the front seat and he didn't have any reaction one way or the other.

Q. He did not deny it?

A. He did not deny it. He did not say anything either way."

In his closing argument to the jury the prosecutor emphasized the evidence of the defendant's silence. After explaining how Hutchison made his accusations concerning the defendant's involvement in the crime, the prosecutor said: "He did this in the presence of Andrew Tomlin *who never denied that was done. He never made any statements. He sat there and didn't say a word.*" (emphasis added)

A criminal defendant's failure to deny accusations made in his presence under such circumstances that were the accusations

false he would deny them involves the "tacit admission" rule. McCormick, Evidence § 161 (2d Ed. 1972). Our Supreme Court had occasion to review this rule in *State v. Samuel*, 521 S.W.2d 374 (Mo. banc 1975) and in describing it quoted as follows from 29 Am.Jur.2d, Evidence § 638:

"As a general rule, when a statement tending to incriminate one accused of committing a crime is made in his presence and such statement is not denied, contradicted, or objected to by him, both the statement and the fact of his failure to deny are admissible in a criminal prosecution against him, as evidence of his acquiescence in its truth—that is, as a tacit admission of the facts stated—or as indicative of a consciousness of guilt." 521 S.W.2d at 375.

The court, in *Samuel*, noted the tacit admission rule had been limited in its application in Missouri and had never been applied in this jurisdiction when the defendant was in custody. At 375 the court said:

"The following conditions must be met in Missouri in order to render the rule operative: (1) the statement must be made in the presence and hearing of the accused. (2) the statement must be sufficiently direct, as naturally would call for a reply. [A]nd (3) the statement must not have been made at a judicial proceeding, *or while the accused was in custody or under arrest.*" (citations omitted) (emphasis added).

Here, the defendant was under arrest and had been advised by the arresting officer of his *right* to remain silent. Under prior Missouri law, as well as the decision in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the defendant was under no duty or obligation to reply to Hutchison's accusatory statement and it was prejudicial and reversible error for the prosecuting attorney to offer evidence of his silence as a tacit admission of guilt. It was equally prejudicial for the prosecutor to argue the matter to the jury.

The defendant failed to object to the evidence and argument and did not preserve the matter in his motion for new trial.

Nevertheless, as we said in *State v. Benfield*, 522 S.W.2d 830, 835 (Mo.App.1975), we are not foreclosed from reviewing that which we deem to be plain error under Rule 27.20(c), V.A.M.R. Manifest injustice resulted to the defendant by reason of the state's intentional injection of the defendant's silence in the circumstances outlined. Reversal is called for.

Since upon retrial the other matters of which the defendant complains may not arise, we do not deem it necessary to rule them.

The judgment is reversed and the cause remanded for a new trial.

All concur.